IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARMEN PIZZO | CRIMINAL ACTION<br>NO. 19-298 |

**PAPPERT, J.** April 7, 2022

## MEMORANDUM

Carmen Pizzo seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court denies the Motion because extraordinary and compelling reasons do not warrant his release and, in any event, the factors under 18 U.S.C. § 3553(a) counsel against granting relief.

I

A

Pizzo worked with others to obtain and sell drugs in bulk. In Summer 2018 he sold around 163 grams of methamphetamine – $3,700 worth – to a confidential source over the course of three months during five controlled buys in New Jersey. (Gov't Resp. to Mot. for Release, ECF 49, at 1-2.) That August, the Federal Bureau of Investigation arranged another controlled buy in a Cherry Hill, New Jersey parking lot. (*Id.* at 2.) FBI agents intervened when Pizzo met their source and found Pizzo in possession of a bag containing around 881.1 grams of methamphetamine. (*Id.*)

In May 2019, a federal grand jury returned an indictment charging Pizzo with one count of conspiracy to distribute fifty grams or more of the drug in violation of 21 U.S.C. §§ 846, 841(a), and (b)(1)(A). (*Id.*) He pleaded guilty and, in October 2020,

was sentenced to forty-eight months in prison. (*Id.*) Pizzo has prior criminal convictions, including a 2000 federal conviction for conspiracy to distribute methamphetamine. (*Id.* at 3.) He began using and selling drugs as a teenager and has a history of drug abuse. (*Id.*)

At sentencing, Pizzo, who is now fifty-four years old, reported he was healthy, denied having serious or chronic illnesses and was taking no prescription medications. (*Id.* at 2-3.) In December 2020, the Court granted an extension of his surrender date after he reported testing positive for a symptomatic case of COVID-19. (*Id.* at 2.) Pizzo surrendered to custody on February 8, 2021. (*Id.*)

Pizzo is serving his sentence at USP Lewisburg, with a minimum release date of July 5, 2023. (*Id.* at 3.) He has not committed any disciplinary infractions while in custody. (*Id.*) Because he completed the Residential Drug Abuse Program, he received a one-year reduction in his term. (*Id.*) With continued good behavior, he will be eligible for consideration for transfer to home confinement in less than one year and his sentence will be complete in approximately fifteen months. (*Id.*)

B

In December 2021, the Warden received and denied Pizzo's request for compassionate release based on the COVID-19 pandemic and his reported obesity. (*Id.*) Pizzo filed a *pro se* letter with the Court requesting compassionate release on January 5, 2022. (Def.'s Mot., ECF 46.) He provided further information in support of his request in a letter filed on January 25, 2022. (Def.'s Supp. Mem., ECF 48.) Pizzo requests release based on his obesity, his participation in drug treatment programs and "unique family circumstances" requiring "his in-person attention." (*Id.* at 1-3.) He has

2

met the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A). (Gov't Resp. at 4.)

i

Pizzo contends his obesity and his age make him vulnerable to severe illness from COVID-19. (Def.'s Supp. Mem. at 2.) In his January 25 letter, he said he was in COVID quarantine, having COVID for the "second time in 14 months despite being vaccinated and boosted." (*Id.*)

The Government has provided Pizzo's medical records and they show he is mildly obese. (Gov't Ex. A, ECF 50.) He is sixty-six inches tall. (*Id.* at ECF p. 51.) In February 2021, he weighed 170 pounds. (*Id.* at ECF p. 51, 63.) In December 2021, his BMI was 27.4. (*Id.* at ECF p. 14, 63.) By January 27, 2022, he weighed 195 pounds, with a BMI of 31.5. (*Id.* at ECF p. 2.)

He has had some past respiratory issues. A February 2021 physical showed his respiratory system was "within normal limits" and his lungs were "clear." (*Id.* at ECF p. 52, 55.) In May 2021, he reported an unconfirmed history of lung nodules. (*Id.* at ECF p. 26, 73.) In October 2021, he presented with a cough and a doctor recommended treatment with over-the-counter cough syrup. (*Id.* at ECF p. 16.)

Pizzo also suffers from osteoarthritis of the knee. *See* (*id.* at ECF p. 73). On April 5 and November 23, 2021, medical staff reported "current" severe Cannabis and Amphetamine use disorders. (*Id.* at ECF p. 60, 73.) His records present no other chronic conditions.

While in custody, Pizzo received doses of the Pfizer-BioNTech COVID-19 vaccine on March 30, 2021, April 20, 2021 and December 9, 2021. (*Id.* at ECF p. 76.)

3

Nevertheless, he tested positive for COVID-19 on January 11, 2022. (*Id.* at ECF p. 74.) Despite his test result, he was asymptomatic and his case was deemed resolved after a rapid test on January 24, 2022. (*Id.* at ECF p. 4-13, 74.)

The BOP reports one active inmate COVID-19 case and no staff cases at USP Lewisburg as of April 6, 2022 and there have been 351 total positive inmate COVID-19 tests at the facility. *See* COVID-19, *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited April 6, 2022).

ii

Pizzo completed the BOP's Residential Drug Abuse Program on December 30, 2021. (Def.'s Supp. Mem. at ECF p. 2.) In addition, he has participated in programs including Alcoholics Anonymous, Narcotics Anonymous, a non-residential drug and alcohol program, parenting I and II, Christian church services and bible study and the Lewisburg work program for HVAC. (*Id.* at ECF p. 3.) He recognizes his participation in these programs is not enough on its own to warrant a sentence reduction. (*Id.*)

iii

Finally, Pizzo contends his elderly mother requires his daily assistance with her medical and living needs. (*Id.*) She is "obese, alcoholic, and in need of two knee replacement[s]" and "currently has little or no help from anyone." (*Id.*)

II

A

A district court may reduce an inmate's sentence as a form of compassionate release only if it finds that (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the sentencing factors set forth in § 3553(a), to the extent they are

applicable, warrant a reduction; and (3) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Relevant § 3553(a) factors a court must consider include the "nature and circumstances of the offense," "the history and characteristics of the defendant," and the "need for the sentence imposed—to reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A), (C). The applicable Sentencing Commission policy statement requires a court to determine a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g)" prior to release. U.S.S.G. § 1B1.13.

B

Pizzo's obesity is not an extraordinary or compelling reason for reducing his sentence, either alone or in combination with COVID-19. "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). At a minimum, Pizzo must show his obesity puts him at particular risk. *See United States v. Ulmer*, No. 18-00579-3, 2021 WL 844579, at *1 (E.D. Pa. Mar. 5, 2021). He has not. He has already recovered from COVID-19 at least twice and has not suffered any severe complications from the virus. Moreover, he has received three doses of a COVID-19 vaccine. *See United States v. Berry*, No. 09-116, 2021 WL 3537145, at *3 (E.D. Pa. Aug. 11, 2021) (holding an inmate's "vaccination status provides sufficient protection against the risks" even though he suffered "from medical conditions making him more vulnerable to serious illness or death from

5

COVID-19"); *see also United States v. Graham*, No. 12-418-2, 2022 WL 254623, at *4 (E.D. Pa. .Jan. 27, 2022) ("Although the COVID vaccines do not prevent all infections, they have been found to provide strong protection from severe disease, hospitalization, and death from COVID-19 . . . .")

C

Pizzo's participation in the BOP's residential drug abuse program or other prison programs do not constitute extraordinary and compelling reasons to release him. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). And his desire to care for his elderly mother is not enough to warrant the extraordinary remedy he seeks. "Judges in this District have yet to find care for elderly or ill parents rises to the level of extraordinary and compelling circumstance warranting release." *United States v. Sibiero-Rivera*, No. 17-00320-6, 2020 WL 7353367, at *1 (E.D. Pa. Dec. 15, 2020); *see also United States v. Gaskin*, No. 15-352, 2020 WL 7263185, at *4 (E.D. Pa. Dec. 9, 2020) (finding the desire to care for elderly parents does not qualify as an extraordinary circumstance).

D

Even if Pizzo did present extraordinary and compelling reasons for release, it would be unwarranted based on the § 3553(a) factors. *See Pawlowski*, 967 F.3d at 331 (affirming denial of compassionate release for at-risk inmate because "the § 3553(a) factors weigh[ed]" against release). The Court carefully considered these factors when Pizzo was sentenced in 2020 and does so again now.

Pizzo has not shown release before completion of his sentence would promote respect for the law, reflect the seriousness of his offense, provide just punishment for it,

or protect the public from further crimes.  *See* 18 U.S.C. § 3553(a)(2).  He earned his sentence by posing a significant danger to the community:  selling methamphetamine worth tens of thousands of dollars into the Philadelphia and South Jersey communities.  In the six months before Pizzo surrendered to serve his sentence for his most recent conviction, he reported weekly methamphetamine use.  He has taken advantage of rehabilitation opportunities available to him in custody.  These efforts notwithstanding, Pizzo's history of prior possession and drug trafficking convictions, including his previous federal conviction for conspiracy to distribute methamphetamine cannot be ignored.  To release Pizzo after serving just over one year of his forty-eight-month sentence would overlook the nature and circumstances of his offense and his history and characteristics.  *See* 18 U.S.C. § 3553(a)(1).

  An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
